1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RAMON MICHEL,

          Plaintiff,

    v.

J. BARROSO, et al.,

          Defendants.

Case No. 23-cv-06626-JSC

**ORDER OF PARTIAL DISMISSAL WITH LEAVE TO AMEND; DENYING APPOINMENT OF COUNSEL**

**INTRODUCTION**

Plaintiff, a California prisoner proceeding without an attorney, fled this civil action against three officials at the Correctional Training Facility ("CTF") in Soledad, California — Lieutenant J. Barroso and Sergeant J. Gomez.  Leave to proceed in forma pauperis is granted in a separate order. For the reasons discussed below, the claim for damages for emotional and mental injuries is dismissed, while the other claims are capable of being judicially heard and decided.  Plaintiff is granted leave to file an amended complaint to cure the deficiencies of the claim that is dismissed. His request for appointment of counsel is denied.

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must identify claims that are capable of being judicially heard and decided or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).  Pleadings filed by parties unrepresented by an attorney must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 555.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## LEGAL CLAIMS

Plaintiff alleges Defendants retaliated against him for filing administrative grievances ("602s"). (ECF No. 1 at 7:11-12.) He alleges they retaliated by ordering subordinates to search and "trash" his cell ten times, during which his personal property was damaged. (*Id.* at 7 ¶¶ 7-9.) He alleges Defendant Gomez further retaliated by ordering a subordinate to issue Plaintiff a "false" Rules Violation Report ("RVR"); Plaintiff was eventually found not guilty of violating prison rules. (*Id.* at 8 ¶ 11).

Plaintiff makes two claims: retaliation and intentional infliction of emotional distress. (*Id.* at 8-9.) Plaintiff seeks damages and injunctive and declaratory relief, as well as appointment of counsel. (*Id.* at 10-12.)

1. Retaliation Claim

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's

2

1    exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate

2    correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).  This constitutional

3    prohibition includes retaliation for using prison grievance procedures.  *Rhodes v. Robinson*, 408

4    F.3d 559, 567 (9th Cir. 2005).  When liberally construed, Plaintiff's allegations state a claim

5    against Defendants that is capable of judicial determination for retaliating against Plaintiff for

6    exercising his First Amendment rights by filing administrative grievances.  However, as discussed

7    below, under the Prisoner Litigation Reform Act (PLRA) he cannot recover mental or emotional

8    distress damages absent physical injury.

9        2.  Intentional Infliction of Emotional Distress Claim

10   Plaintiff claims Defendants "intentionally inflicted emotional distress" upon him by

11   violating his First Amendment rights, "destroying" his property, issuing a false RVR, using

12   "provocative threats," and "engaging in other acts of intimidation."  (ECF No. 1 at 9 ¶ 20.)  Under

13   California law, intentional infliction of emotional distress requires "extreme and outrageous

14   conduct by the defendant with the intention of causing, or reckless disregard of the probability of

15   causing, emotional distress."  *See Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (Cal. 2009) (quotations

16   omitted).  "A defendant's conduct is 'outrageous' when it is so extreme as to exceed all bounds of

17   that usually tolerated in a civilized community."  *Id*. at 1050–51 (quotations omitted).  When

18   liberally construed, Plaintiff's allegations are sufficient to state a claim for intentional infliction of

19   emotional distress, however, as discussed below, under the PLRA he cannot recover mental or

20   emotional distress damages absent physical injury.

21       3.  Damages for Emotional and Mental Injuries

22   Plaintiff seeks monetary damages, as well as injunctive and declaratory relief.  While

23   plaintiffs generally may recover damages for pain and suffering and mental and emotional distress

24   that results from constitutional violations, *see Carey v. Piphus*, 435 U.S. 257, 264 (1978);

25   *Borunda v. Richmond*, 885 F.2d 1384, 1389 (9th Cir. 1988), the Prisoner Litigation Reform Act

26   (PLRA) provides that prisoners may recover for mental or emotional injuries suffered while

27   incarcerated only if they first show that they suffered a physical injury.  42 U.S.C. § 1997e(e).

28   Plaintiff alleges he suffered mental and emotional distress as a result of Defendants' actions, but

United States District Court
Northern District of California

3

1    he does not allege physical injury.  Consequently, his demands for monetary damages for mental

2    and emotional injuries must be dismissed.[1]  Plaintiff will be granted leave to amend his complaint

3    to allege, if he can do so in good faith, a physical injury caused by Defendants' actions.

4              4.  Request for Appointment of Counsel

5         Plaintiff requests appointment of counsel.  (ECF No. 1 at 12 ¶ 9.)  There is no right to

6    counsel in a civil case such as this.  *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25

7    (1981).  The decision to request counsel to represent an indigent litigant under § 1915 is within

8    "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin*

9    *v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984).  Plaintiff is capable of adequately presenting his

10   allegations and claims, and there are no exceptional circumstances warranting appointment of

11   counsel in this case at this point.

**CONCLUSION**

13        For the foregoing reasons,

14        1.  Plaintiff's retaliation and intentional infliction of emotional distress claims are, when

15   liberally construed, capable of judicial determination, but as currently alleged, Plaintiff may not

16   recover any monetary damages for mental or emotional distress incurred as a result of those

17   claims.  Plaintiff's request for appointment of counsel is DENIED.

18        2.  Plaintiff may file an amended complaint on or before **July 2, 2024**.  The amended

19   complaint must include the caption and civil case number used in this order (No. C 23-6095 JSC

20   (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page.

21   Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*,

22   963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original by

23   reference; he must include in his amended complaint all the claims he wishes to pursue, including

24   the claims from his original complaint that the Court has ruled are capable of judicial

25   determination, above.  If Plaintiff fails to file an amended complaint within the designated time, or

26   if the amendment is not sufficient, the claims for monetary relief for mental and emotional distress

27

28

[1] This conclusion does not affect his request for other forms of relief.  (*See* ECF No. 1 at 10-12.)

1   will not be part of this case, and service will be ordered upon Defendants based only upon the

2   retaliation and intentional infliction of emotional distress claims to the extent they seek relief other

3   than monetary relief for mental or emotional distress damages.

4         3. It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

5   informed of any change of address by filing a separate paper with the clerk headed "Notice of

6   Change of Address."  He also must comply with the Court's orders in a timely fashion.  Failure to

7   do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of

8   Civil Procedure 41(b).  Reasonable requests for an extension of a deadline will be allowed upon a

9   showing of good cause if the request is filed prior to the deadline.

10        **IT IS SO ORDERED.**

11  Dated: June 4, 2024

12

13

14  JACQUELINE SCOTT CORLEY
    United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

_United States District Court_
_Northern District of California_